Anton R. Valukas, U.S. Atty. by Andrea L. Zopp, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Glenn Seiden, Glenn Seiden & Associates, Chicago, Ill., for defendant.

**UNITED STATES, Plaintiff,**

v.

**Segun ASHIMI, Defendant.**

**No. 89 CR 719.**

United States District Court, N.D. Illinois, E.D.

Nov. 29, 1989.

## ORDER

BUA, District Judge.

On September 25, 1989, this court held a one-day bench trial in which defendant Segun Ashimi was found guilty on both counts of an indictment charging him with distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Ashimi was convicted based on evidence which showed that he sold heroin to an undercover police officer on April 13 and May 4 of 1989. Two weeks after his conviction, Ashimi filed a post-trial motion seeking a new trial or an order of acquittal. The court denied that motion. Ashimi has now filed a motion seeking to supplement his post-trial motion with new evidence which purports to buttress his defense theory. For the reasons stated herein, Ashimi's motion is denied.

---

Ashimi's theory of defense at trial was that he was in Nigeria at the time of the offenses. Besides his own testimony, the only evidence which Ashimi produced to support his defense was his passport, which he claimed indicated that he was out of the United States when the offenses took place. In the instant motion, Ashimi seeks to present this court with additional documents which purport to show that he was out of this country during the time of the offenses. Specifically, Ashimi has now produced: (1) an airline ticket issued to Ashimi for travel within Nigeria on Nigeria Airways on April 11, 1989; (2) a bill to Ashimi from the Hamdale Hotel Kadema for lodging during the period from April 11 to April 17, 1989; (3) a contract allegedly entered into by Ashimi in Nigeria on May 10, 1989; (4) a receipt for rent received from Ashimi for housing in Nigeria during the period from May through August of 1989.

None of this evidence, however, entitles defendant to post-trial relief. In order to obtain a new trial based on evidence presented after trial, the defendant must show that the evidence: (1) came to his knowledge only after trial; (2) could not have been discovered sooner had defendant exercised due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a trial. *United States v. Feldman,* 756 F.2d 556, 560 (7th Cir.1985) (citing *United States v. Cherek,* 734 F.2d 1248, 1253 (7th Cir.1984)). Defendant fails to satisfy three of these requirements. Since defendant was personally involved in each of the transactions to which his "new evidence" relates, he certainly was aware of the evidence prior to trial and could have produced it at trial had he exercised due diligence. Inexplicably, defendant failed to do so. Instead of requesting time to gather the evidence necessary to present his defense, defendant voluntarily waived his rights under the Speedy Trial Act and agreed to accelerate the trial date. Then, throughout the trial and in his post-trial motion, defendant remained silent regarding documents which he has now produced. Under these circumstances, he does not meet the first two criteria outlined in *Feldman.*

Moreover, the documents which Ashimi has now presented to the court would not lead to an acquittal in the event of a retrial. Testimony of the government's witnesses positively identified Ashimi as the person who sold heroin to an undercover police officer on April 13 and May 4 of 1989. Ashimi's "new evidence" is insufficient to rebut the convincing testimony of these witnesses. Even assuming the veracity of the documents which Ashimi has now produced, none of the documents establish that he was out of the country on April 13 or May 4, 1989, the dates which the agents testified he sold heroin. The receipt for rent is dated May 19, 1989. The contract is dated May 10, 1989. The airline ticket was merely issued in Ashimi's name on April 11, 1989. The ticket does not set out the dates for travel; nor does it establish that Ashimi personally purchased the ticket in Nigeria or that he ever used the ticket. Similarly, the hotel bill does not establish that Ashimi was actually in Nigeria on the date of the drug transactions. In sum, each of these documents, especially when viewed in light of the clear testimony of government witnesses, is insufficient to create a reasonable doubt as to whether Ashimi was in the United States on the date the drug transactions occurred. Therefore, Ashimi fails to satisfy the fourth part of the test set forth in *Feldman* and *Cherek.* Accordingly, Ashimi's motion to supplement his post-trial motion with additional documentary evidence is denied.